# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LIFELINE, INC.,                    )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )          Civ. Action No. 14-1833
                                   )
JULIUS BAKARI, et al.,             )          **FILED**
                                   )
     Defendants.                   )          MAY 2 8 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
May 27, 2015 [#2, #8]

Plaintiff Lifeline, Inc. ("plaintiff") brings this action against defendants Julius

Yerima Bakari, Eugenie Bakari a/k/a Mboutchock Eugenie Kabiwa a/k/a Eugenie

Kabiwa, Gaston Poufong, Lifeline Home Health, Inc., Leonie Ntsah Fobuzie, Martin

Cheh Tamukong, Lifeline, Inc. d/b/a Lifeline Home Health, and Roland Nibuh, alleging

breach of contract, fraud, intentional misrepresentation, conversion, unjust enrichment,

gross negligence, breach of fiduciary duties, and civil conspiracy. *See* Am. Compl. [Dkt.

#9]. Before this Court, are Plaintiff's Motion for Temporary Restraining Order and

Preliminary Injunction [Dkt. #2] and a Motion to Dismiss Claims against Julius Bakari

and Eugenie Bakari [Dkt. #8] ("Mot. to Dismiss") pursuant to Federal Rule of Civil

Procedure 12(b)(1) filed by defendants Julius and Eugenie Bakari ("defendants").

Because plaintiff has failed to establish a basis for the Court's subject matter jurisdiction,

the defendants' Motion to Dismiss is hereby GRANTED and plaintiff's Motion for

1

Temporary Restraining Order and Preliminary Injunction is DENIED as moot.

## BACKGROUND

Plaintiff is a medical staffing agency that provides home healthcare services to residents in the District of Columbia. Am. Compl. ¶ 15. Beginning in 2010, plaintiff worked with defendants to expand the scope and geography of its business activities. *See* Am. Compl. ¶¶ 18-30. On October 31, 2014, plaintiff filed this lawsuit alleging that defendants engaged in a variety of illegal activities in connection with their work with plaintiff and asserted against them various state law claims. *See* Am. Compl. ¶¶ 31-139.

Plaintiff contends that this Court has diversity jurisdiction over this suit. Am. Compl. ¶ 1. In support of this claim, plaintiff alleges that it was founded and incorporated in the District of Columbia on January 7, 2003 and that each defendant is a citizen of a state other than the District of Columbia. Am. Compl. ¶ 3-13. Defendants challenge this assertion, contending that defendant Lifeline Home Health, Inc. is incorporated in, and therefore deemed a citizen of, the District of Columbia. Mem. in Supp. of Mot. to Dismiss Claims against Julius Bakari and Eugenie Bakari 3-4 [Dkt. #8-1] ("Defs.' Mem."). Because defendants claim complete diversity does not exist, they argue that this Court does not have subject matter jurisdiction. *Id.*

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and a court should begin with a presumption that a case lies outside this jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*

2

*of Am.*, 511 U.S. 375, 377 (1994).   The burden of establishing that subject matter jurisdiction exists rests upon the party asserting it.  *Id.*; *see also Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007); *Grand Lodge of the FOP v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction "imposes on the Court an affirmative obligation to ensure" it has jurisdiction over the matter. *Grand Lodge*, 185 F. Supp. 2d at 13.  In evaluating a Rule 12(b)(1) motion, a Court must construe the allegations in the complaint in the light most favorable to the plaintiff, *see, e.g.*, *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir.1986), *vacated on other grounds*, 482 U.S. 64 (1987); however, the court should scrutinize the complaint's allegations more closely than it would in evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Grand Lodge*, 185 F. Supp. 2d at 13-14.  Moreover, the Court's inquiry is not limited to the allegations in the complaint. *Hohri*, 782 F.2d at 241. Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, Am. Compl. ¶ 1, which grants federal district courts subject matter jurisdiction over civil actions between citizens of different States, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To establish jurisdiction under Section 1332, there must be "complete diversity" between the parties, meaning that diversity jurisdiction only exists when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In this case, plaintiff has failed to make this showing.

Importantly, a corporation is "deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff states in its complaint that it is now, and has at all relevant times been, a resident of the District of Columbia. Am. Compl. ¶ 3. This claim is substantiated by the corporate registration documents filed for plaintiff Lifeline, Inc. with the District of Columbia Department of Consumer and Regulatory Affairs. Am. Compl. Ex. D, at 19 [Dkt. #1-1].[1] Plaintiff contends that defendant Lifeline Home Health, Inc. is "deemed to reside in the State of Georgia," Mem. of P. & A. in Supp. of Opp'n to Mot. to Dismiss 2 [Dkt. #10-2]; however, the very documents attached to plaintiff's amended

---

[1] Because plaintiff has filed multiple exhibits in one file without page numbers, this Court will reference the page numbers assigned in the docket entry caption.

complaint and highlighted in defendants' memorandum in support of their motion to

dismiss demonstrate that this defendant is also incorporated under the laws of the District

of Columbia.  Am. Compl. Ex. B, at 10; Defs.' Mem. Ex. B.  Therefore, defendant

Lifeline Home Health, Inc. is deemed a citizen of the District of Columbia.  *See* 28 U.S.C.

§ 1332(c)(1).  It is without consequence that this corporation is registered to do business

as a foreign corporation in the State of Georgia.  *See* Am. Compl. Ex. B, at 8.  Because

plaintiff and defendant Lifeline Home Health, Inc. are citizens of the same state, this case

lacks complete diversity of citizenship, and the Court does not have subject matter

jurisdiction pursuant to Section 1332.  *See Owen*, 437 U.S. at 374.  There is no need to

consider the citizenship of the remaining defendants.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is GRANTED.  A

separate Order consistent with this decision accompanies this Memorandum Opinion.



RICHARD J. LEON
United States District Judge